UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JENNIFER L. RAPP, | Case No. 12-CV-2743 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Lionel H. Peabody, PEABODY LAW OFFICE, for plaintiff.

Ann M. Bildtsen, UNITED STATES ATTORNEY'S OFFICE, for defendant.

Plaintiff Jennifer L. Rapp seeks review of the Commissioner's denial of her applications for social-security income and disability-insurance benefits. This matter is before the Court on the Commissioner's objection to the February 10, 2014 Report and Recommendation ("R&R") of Magistrate Judge Tony L. Leung. Judge Leung recommends that the Commissioner's motion for summary judgment be denied, that Rapp's motion for summary judgment be granted for remand, and that the case be remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules the Commissioner's objection and adopts the R&R.

To determine whether a claimant is entitled to benefits, the Commissioner applies a five-step analysis. Under this analysis, the Commissioner determines "(1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the impairment is, or approximates, a listed impairment; (4) whether the claimant can perform past relevant work;

and if not, (5) whether the claimant can perform any other kind of work." *Brock v. Astrue*, 674 F.3d 1062, 1064 n.1 (8th Cir. 2012).

At the final step, the Commissioner bears the burden to establish that, given the claimant's residual functional capacity, age, education, and work experience, there are a significant number of jobs in the national economy that she can perform. *Id.* at 1064. The Commissioner can meet this burden through the testimony of a vocational expert ("VE"), if the VE's testimony is based on a hypothetical that accounts for all of the claimant's proven impairments. *Hulsey v. Astrue*, 622 F.3d 917, 922 (8th Cir. 2010).

In this case, the administrative law judge ("ALJ") found that Rapp can perform sedentary work that involves "constant right hand fine and gross manipulation, occasional left hand fine and gross manipulation, routine repetitive three to four step tasks/instructions, superficial contact with others, no sustained close contact with others in a work setting, and a work environment free of alcohol and drugs." R14. This description of Rapp's functional capacity was based, in part, on the ALJ's finding that Rapp has moderate limitations in concentration, persistence, or pace. R15.

Based on the ALJ's description of Rapp's functional capacity, the VE testified that Rapp is capable of performing the job of surveillance-system monitor, of which there over 500 in Minnesota. R65. On cross-examination, however, the expert testified that the job of surveillance-system monitor requires high levels of concentration and that it may not be indicated for someone (such as Rapp) who has difficulty concentrating because of chronic pain issues. R67-68. On the basis of the VE's testimony, the ALJ found that Rapp is not disabled because she is capable of performing the job of surveillance-system monitor. R17-18.

The Court agrees with Rapp that the ALJ's finding is not supported by substantial evidence on the record as a whole. It is true that the Eighth Circuit has held that describing a claimant as limited to "simple, repetitive, routine tasks adequately capture[d] [the claimant's] deficiencies in concentration, persistence or pace." *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001). The problem in this case, however, is that the VE's testimony is internally inconsistent.

The VE testified that Rapp, a person whom the ALJ found to be moderately limited in her ability to concentrate, is capable of performing a job that, according to the VE's own testimony, requires a high degree of concentration. On cross-examination, the VE further testified that the job may not be suitable for a person (such as Rapp) who has difficulty concentrating. Whether or not the ALJ's hypothetical adequately captured Rapp's limitations, it is hard to understand how a person with moderate limitations in concentration, persistence, and pace can perform a job that requires a high degree of concentration.

Perhaps this apparent conflict can be explained. But neither the VE nor the ALJ even attempted to address or explain it. The Court therefore agrees that remand is necessary.

The Court notes that, in Rapp's response to the Commissioner's objection, she argues that reversal rather than remand is the proper remedy. But objections to the R&R were due by February 25, and Rapp did not file her response until February 27. In any event, the Court does not agree with Rapp that, on this record, reversal is appropriate. *Cf. Andler v. Chater*, 100 F.3d 1389, 1392-94 (8th Cir. 1996) (reversing finding of no disability where claimant had a long history of severe mental impairments and had only worked for two brief periods since 1972).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS the R&R [ECF No. 23]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for summary judgment [ECF No. 13] is GRANTED FOR REMAND under Sentence Four of 42 U.S.C. § 405(g).

2. Defendant's motion for summary judgment [ECF No. 15] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 17, 2014                s/Patrick J. Schiltz
                                     Patrick J. Schiltz
                                     United States District Judge