UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JENNIFER L. RAPP,                                             Case No. 12-CV-2743 (PJS/TNL)

        Plaintiff,

v.                                                            ORDER

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.

---

    Lionel H. Peabody, PEABODY LAW OFFICE, for plaintiff.

    Ann M. Bildtsen, UNITED STATES ATTORNEY'S OFFICE, for defendant.

    Plaintiff Jennifer L. Rapp filed this action seeking review of the Commissioner's denial of her applications for social-security income and disability-insurance benefits.  The Court granted Rapp's motion for summary judgment to the extent that her motion sought remand of the case to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g).  ECF No. 28.  This matter is before the Court on Rapp's motion for attorney's fees under the Equal Access to Justice Act ("EAJA").  See 28 U.S.C. § 2412(d).

    The EAJA provides that a party who prevails in a civil action against the United States — including a lawsuit seeking judicial review of administrative action — shall be awarded fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The government's position was "substantially justified" if it "had a reasonable basis in law and fact."  Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991).  The government bears the burden of proving that its position — in this case, its denial of Rapp's applications for benefits — was

substantially justified. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (per curiam). Fees should not be awarded merely because the government did not prevail. *See Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987).

In this case, although the Court found that the Commissioner's position was not supported by substantial evidence on the record as a whole, the Court regards the Commissioner's position as substantially justified. The parties mainly disputed whether the administrative law judge ("ALJ") adequately captured Rapp's disability in the hypothetical posed to the Vocational Expert ("VE"). Relevant Eighth Circuit authority supported the Commissioner's view that the hypothetical was adequate. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001). In response to that hypothetical, the VE testified that Rapp was capable of performing the job of surveillance-system monitor. When the VE's testimony is based on a proper hypothetical that accounts for all of the claimant's impairments, it constitutes substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 560-61 (8th Cir. 2011). The Commissioner thus had a reasonable basis for arguing that the ALJ's denial of benefits should be upheld.

The Court ultimately disagreed with the Commissioner's view, finding that other testimony from the VE created uncertainty about whether Rapp was capable of performing the job of surveillance-system monitor, and thus that a remand under Sentence Four was warranted. The Court found the question to be close, however, which is further indication that the Commissioner's position was substantially justified. *Welter*, 941 F.2d at 676 ("Closeness itself is evidence of substantial justification."). As the Commissioner notes, there is authority that supports her position that individuals with limitations similar to Rapp's are capable of

performing the job of surveillance-system monitor.  *See Geiser v. Astrue*, No. 10-CV-1973, 2011 WL 3163219, at *11-12 (M.D. Pa. July 26, 2011) (collecting cases).  The Court therefore denies Rapp's motion for attorney's fees.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's motion for attorney's fees [ECF No. 30] is DENIED.

Dated: October 27, 2014                                    s/Patrick J. Schiltz
                                                           Patrick J. Schiltz
                                                           United States District Judge